Struble, Appellant, *v.* Struble.

Argued October 28, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Edward J. Thompson,* and with him *Arthur C. Dale,* for appellant.—A desertion, which is without consent and without sufficient legal cause is presumed to be wilful and malicious; and if persisted in for two years or more, it will entitle the injured party to a decree in divorce: Hedderson v. Hedderson, 35 Pa. Superior Ct. 629; Van Dyke v. Van Dyke, 135 Pa. 459; Crandall v. Crandall, 66 Pa. Superior Ct. 153.

*S. D. Gettig,* and with him *John J. Bowers,* for ap-

pellee.—Where a husband's conduct is such that the wife is justified in abandoning him the husband cannot thereafter obtain a divorce from his wife upon the ground of desertion: Golden v. Golden, 36 Pa. Superior Ct. 648; Biddle v. Biddle, 50 Pa. Superior Ct. 30.

OPINION BY BALDRIGE, J.: January 29, 1930:

This was an action in divorce brought by a husband charging his wife with cruel and barbarous treatment, indignities to the person and wilful and malicious desertion. The master held that the evidence was not sufficient to support the findings of cruel and barbarous treatment and indignities to the person, but recommended that a divorce be granted on the ground of desertion. Exceptions filed thereto by the respondent were sustained by the lower court and a divorce denied.

The parties were married on the 9th of March, 1909, and two children were born to this union; one child survives and is now past ten years of age.

The desertion is alleged to have taken place on the 25th of August, 1923, when the wife removed from the house in which these parties were living at State College. The respondent contends that she did not wilfully and maliciously desert her husband, but it was necessary for her to withdraw from their home on account of his conduct.

The serious family friction apparently started about 1913 when Nellie Marshall, a cousin of the respondent, began coming to their home. These visits became so frequent and the attention of the libellant so marked that the respondent's suspicions were aroused. She tried to stop this intimacy without success. When she complained to her husband, he told her that she could "either put up with it or get out." After the wife withdrew from the State College home, Nellie Marshall went to the respondent's house in the so-called capacity of housekeeper, where she has since re-

mained with the exception of a period in 1924 when she was away.

Beginning July 5, 1923, the libellant refused to eat at the table with his wife or have any association with her. She testified that her husband requested her to sign a paper which formally required her to promise to live with him as a wife or otherwise she would be compelled to take her furniture and "get out." He was asked: "Q. Did you tell your wife to leave? A. I told her to leave the time on the porch."

In 1917, he became ill with a veneral disease, although the wife testified that she was not afflicted with any trouble of that character, and there is no proof to the contrary.

There were contradictions in the testimony in regard to the causes of their marital troubles, but the important features of the wife's testimony were not denied. The truthfulness of some of her statements were admitted and there was such a strong corroboration of other parts of her testimony as to conclusively support her charges.

It was incumbent upon this libellant, as he charged the respondent with wilful desertion without cause, to clearly establish, by evidence, that he was entitled to the dissolution of the marriage contract: Stewart v. Stewart, 88 Pa. Superior Ct. 1. This he failed to do. His infidelity in itself was sufficient to justify her in leaving: Baker v. Baker, 195 Pa. 407. It is apparent that this appellant did not desire to live with his wife. His course of hostile conduct toward her and his notorious relation with another woman made her life with him intolerable. Instead of the testimony showing that his wife left without cause, it clearly appears that she was warranted in her action.

We have read all the testimony very carefully and we are in entire accord with the lower court's opinion and the conclusions he reached.

The order is affirmed.